STATE OF NORTH CAROLINA v. DARRICE JAMAR COVINGTON

No. COA09-1291

(Filed 6 July 2010)

**Constitutional Law— effective assistance of counsel—denial of request for substitute counsel—no error**

The trial court in a possession with intent to sell or deliver cocaine case did not err by denying defendant's request for appointment of substitute counsel. Communication and trial strategy did not violate defendant's constitutional rights, and the trial court did not abuse its discretion in denying defendant's request.

STROUD, Judge concurring.

Appeal by defendant from judgment entered 16 June 2009 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 11 March 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Phillip T. Reynolds, for the State.*

*Michael J. Reece, for defendant-appellant.*

JACKSON, Judge.

Darrice Jamar Covington ("defendant") appeals from his 16 June 2009 conviction of possession with intent to sell or deliver cocaine.[1] For the following reasons, we hold no error.

———

1. At trial, the trial court noted that the charge should read "possession with the intent to sell *and* deliver cocaine" and instructed the jury in this manner. (Emphasis added). However, the jury's verdict reads "Guilty of Possession With Intent to Sell *or* Deliver cocaine." (Emphasis added). Although the charge brought against defendant reads "possession with intent to manufacture, sell, *and* deliver[,]" the statutory language of the charge reads "possess with intent to manufacture, sell *or* deliver[.]" N.C. Gen. Stat. § 90-95(a)(1) (2007) (emphasis added). Neither party's brief discusses this issue, and therefore, we do not address it.

**STATE v. COVINGTON**

[205 N.C. App. 254 (2010)]

On 23 December 2008, defendant was arrested for possession with the intent to sell or distribute cocaine. After a brief pursuit, defendant was apprehended and taken to the Raleigh Police Department where several attempts to search defendant proved unsuccessful due to defendant's clothing, as well as physical and verbal resistance. With the aid of four or five officers, handcuffs, and leg irons, officers were able to search defendant. Their search uncovered a bag of cocaine from the waistband of defendant's boxer shorts, a bag of marijuana, and $234.00 in cash.

On 29 December 2008, defendant waived his right to counsel and subsequently retained an attorney ("trial counsel"). On 15 June 2009, a jury was impaneled for defendant's trial. The following day, trial counsel stated that defendant wished to address the court. Defendant stated that he desired substitute counsel. The trial court asked defendant to explain the basis for his request, and defendant stated that trial counsel had not communicated frequently enough; consequently, they had not discussed the case fully. Defendant also claimed that he was unaware that the trial was going to take place that day. Additionally, defendant explained that he was concerned with trial counsel's trial strategy, particularly that defendant was advised not to testify. The trial court explained to defendant that trial counsel may have a reason for advising defendant not to testify and pointed out defendant's criminal record containing a conviction for the same crime with which he was charged in the instant case. The trial court explained to defendant that he had the right to testify notwithstanding his counsel's advice.

The trial court refused defendant's request to substitute counsel. Instead, the trial court presented defendant with the option to proceed with representation by trial counsel or to proceed representing himself with trial counsel as standby, noting that this course of action was not advised. Defendant chose to proceed with representation by trial counsel. He was convicted as charged by a jury, and at sentencing, defendant told the trial court, "I didn't even know that I— the trial would be set up this quick. I didn't even know that—that the trial [would] be set up so quick. I never knew none of this." On 16 June 2009, the trial court entered judgment and commitment. Defendant appeals.

Defendant's sole argument is that he is entitled to a new trial because the trial court's denial of his request for appointment of substitute counsel constituted a violation of his right to effective assistance of counsel pursuant to Article I, Section 23 of the North

Carolina Constitution and the Sixth Amendment of the United States Constitution.[2] We disagree.

Our Supreme Court has held that

[t]he right to the assistance of counsel and the right to face one's accusers and witnesses with other testimony are guaranteed by the Sixth Amendment to the Federal Constitution which is made applicable to the States by the Fourteenth Amendment, and by Article I, Sections 19 and 23 of the Constitution of North Carolina. The right to the assistance of counsel includes the right of counsel to confer with witnesses, to consult with the accused and to prepare his defense.

*State v. Cradle*, 281 N.C. 198, 207, 188 S.E.2d 296, 302 (1972) (citations omitted). Errors arising pursuant to the United States Constitution are presumed prejudicial unless the appellate court finds that the error was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2007). "The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." *Id.* Our Supreme Court applies this principle to errors arising pursuant to the North Carolina Constitution. *State v. Bunch*, 363 N.C. 841, 844, 689 S.E.2d 866, 868 (2010) (quoting *State v. Huff*, 325 N.C. 1, 33, 381 S.E.2d 635, 654 (1989), *sentence vacated on other grounds*, 497 U.S. 1021, 111 L. Ed. 2d 777 (1990)).

However, "[a]bsent a showing of a sixth amendment violation, the decision of whether appointed counsel shall be replaced is a matter committed to the sound discretion of the trial court." *State v. Hutchins*, 303 N.C. 321, 336, 279 S.E.2d 788, 798 (1981) (citing *State v. Sweezy*, 291 N.C. 366, 230 S.E.2d 524 (1976)). "Because of the potential these challenges have for disrupting the efficient dispensing of justice, appellate courts ought to be reluctant to overturn the action of the trial judge." *Id.* at 337, 279 S.E.2d at 798.

To obtain substitute counsel, a defendant must show " 'good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.' " *State v. Sweezy*, 291 N.C. 366, 372, 230 S.E.2d 524, 529 (1976) (quoting *United States v. Calabro*, 467 F.2d 973, 986 (2d

---

2. We note that in the case *sub judice*, trial counsel was retained. However, most of the case law presented by both defendant and the State involves appointed counsel. Neither party argues that this distinction affects the instant case, and our research has disclosed no case that finds the difference significant. Therefore, we will apply case law addressing appointed counsel to the case before us.

Cir. 1972)). " 'In the absence of any substantial reason for replacement of court-appointed counsel, an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense.' " *State v. Robinson*, 290 N.C. 56, 65, 224 S.E.2d 174, 179 (1976) (quoting *State v. McNeil*, 263 N.C. 260, 270, 139 S.E.2d 667, 674 (1965)).

Denying a defendant's request for substitute counsel based upon his current counsel's communication and trial strategy does not automatically amount to a violation of the defendant's constitutional rights. *See State v. Thacker*, 301 N.C. 348, 271 S.E.2d 252 (1980). In *Thacker*, a defendant requested substitute counsel because of poor "communication between [the defendant] and the [c]ourt-appointed counsel." *Id.* at 351, 271 S.E.2d at 254. The defendant stated that his counsel did not understand the questions that the defendant wanted to present to the court. *Id.* The defendant was allowed to dismiss his counsel and represent himself; his appointed counsel remained available for assistance throughout trial. However, the defendant was not permitted to obtain substitute counsel. Both this Court and our Supreme Court affirmed this decision, holding that "the trial court must satisfy itself only that present counsel is able to render competent assistance and that the nature or degree of the conflict is not such as to render that assistance ineffective. The United States Constitution requires no more." *Id.* at 353, 271 S.E.2d at 256.

In the case *sub judice*, defendant's first concern is the level of communication in the attorney-client relationship. Defendant explained that he and his attorney never sat down to talk about the case and that he did not know he was going to be tried until he arrived in court the day of the trial. This argument is unpersuasive.

The trial transcript indicates that defendant and his counsel were in contact prior to the trial. Defendant stated that he had discussed with his counsel the possibility of a plea agreement, potential witnesses in the case, and his desire to avoid incarceration. Although defendant claimed that he never saw a lab report detailing the amount of cocaine he possessed, trial counsel explained to defendant the results of the lab report and the pertinent law regarding why he was charged with a particular weight of cocaine even if the entire substance was not pure. Defendant argues that he was unaware that his trial was going to take place when he appeared in court. However, his presence and trial counsel's presentation of defendant's case demonstrate that whatever defendant's level of awareness may have been, his case was not prejudiced. Trial counsel was prepared for

trial, as evidenced by his examination of witnesses, objections throughout the trial, and closing argument. Although defendant *personally* may not have been ready for trial, his case was ready to be tried and his right to counsel was not violated.

Second, defendant expressed concern regarding trial counsel's trial tactics. Defendant explained that he wanted to take the stand to testify but was advised not to do so. Defendant's concern does not render the assistance of his counsel ineffective, especially considering that "the type of defense to present and the number of witnesses to call is a matter of trial tactics, and the responsibility for these decisions rests ultimately with defense counsel." *State v. McDowell*, 329 N.C. 363, 384, 407 S.E.2d 200, 211 (1991) (citations omitted). The trial court explained to defendant that the decision to testify ultimately was his, but noted that not testifying could be in defendant's best interest given his criminal record. Defendant's concern in this regard demonstrates not only that defendant's counsel attempted to represent defendant effectively, but also that defendant and his counsel previously had communicated regarding whether defendant should testify.

As in *Thacker*, defendant in the instant case voiced concern at trial with his counsel's communication and trial strategy. In both instances, the trial court heard the defendants' concerns and denied their requests for substitute counsel. As in *Thacker*, the trial court here required that defendant either proceed with his present counsel or represent himself, a decision which does not violate a defendant's constitutional right to counsel. *Thacker*, 301 N.C. at 351, 271 S.E.2d at 254. Because defendant's constitutional rights were not violated, the trial court's decision whether to allow substitute counsel was discretionary, and as explained *supra*, it did not abuse its discretion by denying defendant's request.

No error.

Judge ELMORE concurs.

Judge STROUD concurs in a separate opinion.

STROUD, Judge concurring.

Although I concur in the result reached by the majority opinion, I write this separate opinion because I do not believe that defendant

demonstrated that he ever requested court-appointed counsel, nor does the record reflect that he is an indigent defendant who would qualify for court-appointed counsel. However, I concur in the result, as I do not believe that defendant demonstrated a violation of his right to effective assistance of counsel, whether he was requesting the opportunity to retain new counsel and a continuance of his trial or he was requesting court-appointed counsel.

The difficulty arises because it is not clear whether defendant was asking for court-appointed counsel or if he was asking for a continuance to retain new counsel on his own. Defendant's specific statement to the trial court was "I don't want to try the case myself. I want to get another lawyer." Unfortunately, the briefs do not clear up the confusion regarding defendant's request. Defendant's brief implies that defendant's trial counsel was court-appointed and that he wanted new court-appointed counsel. The State's brief repeatedly refers to defendant's counsel as court-appointed. However, the record clearly demonstrates that defendant's trial counsel was privately retained. In addition, the record does not contain an affidavit of indigency or any request by defendant for court-appointed counsel, nor is there any indication that defendant would have qualified for court-appointed counsel. Even if the trial court had permitted defendant's retained counsel to withdraw from the case, defendant would not have been entitled to court-appointed counsel if he did not qualify as indigent pursuant to N.C. Gen. Stat. § 7A-450. *See* N.C. Gen. Stat. § 7A-450 (2007); *State v. Turner*, 283 N.C. 53, 55, 194 S.E.2d 831, 832 (1973) ("The requirement that the State furnish counsel to each defendant charged with a criminal offense beyond the class of petty misdemeanor is conditioned upon a showing of indigency and inability to procure counsel for that reason." (citations omitted)).

For the above reasons, I concur with the result reached by the majority opinion.